IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBORAH BLATCHFORD,

      Plaintiff,

v.                                              No. _____

ORETTE WILLIAMS and FEDEX
GROUND PACKAGE SYSTEM, INC.,

      Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Deborah Blatchford, by and through her undersigned counsel, Shapiro Bettinger Chase LLP, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff is, and at all times relevant was, a resident and citizen of the State of Colorado.

2. Upon information and belief, Defendant Orette Williams is a resident of California with a last known address of 7543 W. Liberty Parkway, No. 633, Fontana, CA 92336.

3. Upon information and belief, Defendant FedEx Ground Package Systems, Inc. ("Federal Express") does business in New Mexico and is a corporation incorporated under the laws of Pennsylvania, with a principal place of business located at 1000 Fedex Drive, Coraopolis PA 15108.

4. The registered agent for Defendant Federal Express is the CT Corporation, 123 East Marcy, Santa Fe, New Mexico 87501.

5. Plaintiff is informed and believes that at all times herein mentioned the Defendants, proximately caused and contributed to by agency, joint venture or otherwise the happenings, events, negligent acts, or other unlawful acts or other circumstances hereafter alleged.

6. This Complaint is brought against all employees, agents and apparent agents of Defendant Federal Express involved in this incident and against the managerial agents and safety personnel for Defendant Federal Express, as well as against all other managers and supervisors of Defendant Federal Express who set policy or who played an active or passive role in the hiring, training, and supervision of the employees and agents of Defendant Federal Express. As the principal or employer of those who set policy or play either an active or passive role in the hiring, training, and supervision of the employees, agents and apparent agents of Defendant Federal Express, Defendant Williams, and each of them, are responsible for their tortious acts and/or omissions, wherein they negligently failed to retain, train and supervise their employees, agents, apparent agents and ostensible agents, supervisors and managerial agents. Defendants are liable for the acts and/omissions of their officers, employees, agents, apparent agents and ostensible agents, managerial agents, safety personnel, and supervisors who set policies and procedures, authorized the doing and manner of the acts in question, and who ratified or approved the actions which were the direct and proximate cause of the injuries and damages to Plaintiff.

7. The facts and circumstances giving rise to Plaintiff's claims for relief arose in and occurred in the County of McKinley, State of New Mexico.

8. This Court has personal jurisdiction over the defendants pursuant to Section 38-1-16(A) NMSA 1978, and the federal due process requirements as established in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957).

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

10. Plaintiff re-alleges all previous paragraphs.

11. On or about March 14, 2010, Plaintiff was the operator of a 2008 Chevrolet Aveo.

12. On that date, Plaintiff was travelling eastbound on Interstate 40.

13. On that date, Defendant Williams was operating a commercial semi truck, hauling double trailers, and travelling westbound on Interstate 40.

14. On that date, Defendant Williams failed to safely control his vehicle and lost control of his vehicle, causing it to crash and collide with Plaintiff's vehicle.

15. The impact of the collision caused damage to Plaintiff's vehicle and caused injuries to Plaintiff.

16. When Defendant Williams operated his vehicle, he acted in a negligent, careless and imprudent manner failing to take into account the safety of others.

17. Plaintiff is informed and believes that the semi-truck operated by Defendant Williams was owned, operated, and/or maintained by Defendant Federal Express.

18. As a direct and proximate result of Defendant Williams' actions, including, but not limited to, the negligent inspection, operation and/or maintenance of the semi-truck, the aforementioned collision occurred and Plaintiff suffered damages.

19. As a direct and proximate result of Defendant Federal Express's and/or its agents and employees' actions, including, but not limited to, the negligent inspection, operation and/or maintenance of the semi-truck, the aforementioned collision occurred and Plaintiff suffered damages.

20. As a direct and proximate result of Defendant Williams and Defendant Federal Express's actions and/or inactions, Plaintiff has suffered economic and non-economic damages.

## FIRST CLAIM FOR RELIEF
*(Negligence of Defendant Williams)*

21. Plaintiff re-alleges all previous paragraphs.

22. Defendant Williams owed Plaintiff a duty to use reasonable care in the operation of the semi-truck.

23. Defendant Williams breached the above referenced duty, without limitation, by operating his vehicle in a careless manner.

24. Defendant Williams' breach of duty is a cause of the injuries sustained by the Plaintiff.

25. As a result of Defendant Williams' breach of his duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident as described above.

26. As a result of Defendant Williams' breach his duties, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

27. As a result of Defendant Williams' breach of his duties, Plaintiff suffered temporary and permanent physical impairment and physical disfigurement.

## SECOND CLAIM FOR RELIEF
*(Respondeat Superior – Defendant Federal Express)*

28. Plaintiff re-alleges all previous paragraphs.

29. At the time, date, and place of the aforementioned incident, Defendant Williams was an employee and/or agent of Defendant Federal Express.

30. Upon information and belief, at the time, date, and place of the aforementioned incident, Defendant Williams was driving the semi-truck while acting within the course and scope of his employment, as an agent, and/or with the authority of Defendant Federal Express.

31. The acts and/or omission of Defendant Williams are by law deemed the acts and/or omissions of Defendant Federal Express at the time of the incident pursuant to the doctrine of *respondeat superior*.

## THIRD CLAIM FOR RELIEF
*(Negligent Entrustment of Defendant Federal Express)*

32. Plaintiff re-alleges all previous paragraphs.

33. Defendant Federal Express possessed control over the use of the semi-truck at the time of the incident when it permitted Defendant Williams to use the semi-truck.

34. Defendant Federal Express permitted Defendant Williams to use the semi-truck, which was under the control of Defendant Federal Express, when it knew or should have known that Defendant Williams was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

35. As a direct and proximate result of Defendant Federal Express' negligent entrustment of its vehicle to Defendant Williams, Plaintiff has suffered economic and non-economic losses and harms as described above.

## FOURTH CLAIM FOR RELIEF
*(Negligent Hiring/Training/Supervision – Defendant Federal Express)*

36. Plaintiff re-alleges all previous paragraphs.

37. At all times material hereto, Defendant Williams served as an agent of and for and/or employee of and for Defendant Federal Express.

38. Defendant Federal Express owed Plaintiff a duty to exercise reasonable care in the hiring, supervision, and training of its agents and employees.

39. Defendant Federal Express breached its above-mentioned duty in failing to exercise reasonable care in its hiring, supervising, and training of Defendant Williams.

40. Defendant Federal Express breached its above-mentioned duty in failing to exercise reasonable care in its hiring, supervising, and training of Defendant Williams.

## FIFTH CLAIM FOR RELIEF
*(Negligence Per Se– Defendant Williams)*

41. Plaintiff re-alleges all previous paragraphs.

42. When Defendant Williams operated his vehicle in a careless and negligent manner, he was in violation of applicable municipal ordinances and/or statutes of New Mexico.

43. Plaintiff is a member of the class for whose protection the above-mentioned statutes were.

6

44. The incident hereinabove described and the injuries and/or damages that the Plaintiff suffered as a result of that incident are the kind of injuries and/or damages sought to be prevented by the passage of ordinances and/or statutes.

45. The above-mentioned violations were the direct and proximate cause of the Plaintiff's injuries and damages as previously described.

46. As a direct and proximate result of Defendant's violation of ordinances and/or statutes, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident as described above.

47. As a direct and proximate result of Defendant's violation of ordinances and/or statutes, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

48. As a direct and proximate result of Defendant's violation of ordinances and/or statutes, Plaintiff suffered temporary and permanent physical impairment and physical disfigurement.

## JURY DEMAND

49. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for compensatory damages, economic damages, non-economic damages, interest and for all such other and further relief as the Court deems just and proper.

Electronically submitted,

**SHAPIRO BETTINGER CHASE LLP**
7411 Jefferson NE
Albuquerque, New Mexico 87109
(505) 888-6463
(505) 888-6465 FAX
greg_chase@shapbett.com

By: /s/ Gregory W. Chase
GREGORY W. CHASE
*Attorneys for Plaintiff*